# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 3:14cr00026 |
| v. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| KIMBERLY HOWINGTON, ) | |
| ) | By: Hon. James G. Welsh |
| *Defendant* ) | U.S. Magistrate Judge |

This day came the United States, by counsel, and came also the defendant, in her own proper person and by counsel. At which time counsel for the parties jointly represented that the parties had entered into an understanding, pursuant to which the defendant desires to waive her absolute right to grand jury presentment and to permit the filing of a criminal Information charging her with participation in a criminal conspiracy.

The court then received for filing the Information charging in **Count One** that from on or about November 2012 through a time on or around February 2014, the defendant KIMBERLY HOWINGTON did knowingly and willfully combine, conspire, confederate and agree, with persons known and unknown, to violate United States narcotics laws; specifically, to distribute and to possess with intent to distribute a mixture or substance containing a detectable amount of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). All in violation of 21 USC § 846.

In accordance with the provisions of Title 28 U.S.C. § 636(b) and with the express consent of the defendant and her counsel, an initial appearance and waiver of indictment proceeding was conducted before the undersigned on August 18, 2014. The proceeding was

recorded electronically. *See* Rule 6(g). The United States was represented by Ryan Christian, Assistant United States Attorney. The defendant was at all times present in person and with her counsel, John Davidson.

The defendant was advised of her right not to make a statement, and that any statement made may be used against her. *See* Rule 5(d)(1)(E). It was then noted for the record that the defendant had been previously apprised of her right to retain counsel or to request appointment of counsel and that she had been appointed at her request. *See* Rule 5(d)(1)(B). In response to the court's inquiry, the defendant represented that she had been given a reasonable and adequate opportunity to consult with her counsel and that she was prepared to proceed. *See* Rule 5(d)(2).

After the defendant was placed under oath, she stated that she understood her obligation to testify truthfully in all respects under penalty of perjury, and she understood the government's right in a prosecution for perjury or false statement to use against her any statement that she gives under oath. The defendant then testified that she can read, write and understand the English language without difficulty, that she has no medical condition, either physical or mental, which might interfere with her ability to fully understand and participate in the proceeding, that she is using no medication or drugs which might impair her ability to understand and participate in the proceeding, and that her mind is clear. The defendant's attorney then stated that he had no reservations about his client's competency either to waive grand jury indictment or to plead guilty to the charge contained in the one-count Information.

### DEFENDANT'S RESPONSES TO RULE 7 INQUIRIES

The defendant testified that she had discussed the conspiracy charge set forth in the Information with her attorney; she had previously received a copy of the Information, and had read it. She fully understood the charge, and she knew it charged her with a felony offense for

2

which he could be sentenced to a significant term of imprisonment. She further testified that she knew she had an absolute constitutional right to be charged with the offense pursuant to a grand jury indictment. She stated that she understood a grand jury might not find probable cause to believe she had committed the alleged offense, that a grand jury might not return an indictment against her on the charge, and that her waiver of indictment would mean that the charge in the Information would proceed as though she had been indicted. Upon further questioning, the defendant confirmed that no threats or promises had been made to induce her to waive grand jury indictment and that her decision to proceed on the charged offense by Information was fully voluntary.

The defendant's counsel then confirmed that he had discussed with his client the issues related to a waiver of indictment on the offense charged in the Information, that his client fully understood her right to indictment by grand jury, and that the decision of the defendant to waive indictment on the charge was fully voluntary on her part.

After acknowledging her signature on the written Waiver of Indictment, it was received, filed and made a part of the record. The Information, formally charging the defendant with participation in a criminal conspiracy to distribute and to possess with intent to distribute a substance contain in heroin, as set forth above, was also filed and made a part of the record. In connection therewith, it was noted for the record that **the defendant's waiver of indictment was knowingly and voluntarily made and that its acceptance would be recommended**, and that the Rule 11 preceding would set by the scheduling clerk or the presiding district judge.

### NOTICE TO PARTIES

NOTICE is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by

the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions. **A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.**

The clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period the clerk is directed to transmit the record in this matter to the presiding United States district judge.

DATED: This 22nd day of August 2014.

*s/ James G. Welsh*
United States Magistrate Judge