CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

APR 27 2015

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

# United States District Court
## For the Western District of Virginia
## Harrisonburg Division

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No: 3:14cr00026 |
| ) |  |
| v. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| KIMBERLY HOWINGTON, ) | By: James G. Welsh |
| ) | U. S. Magistrate Judge |
| *Defendant* ) |  |

On April 2, 2015 came the United States, by counsel, and came also the defendant, in person and by counsel. At which time counsel for the parties jointly represented that the parties had entered into a **plea agreement pursuant to Rule 11.** The defendant was previously arraigned and entered a plea of Not Guilty to the charge alleged against her, and having now indicated an intent to change her plea, this case was referred to the undersigned for the purpose of conducting a plea hearing in accordance with the provisions of Title 28 U.S.C. 636(b)(3). (Docket #34), As set forth in more detail in a previously filed Information (docket #2), it charges in **Count One** that from a time on or around November 2012, through a time on or around February 2014, in the Western Judicial District of Virginia, the above-named defendant, did knowingly and willfully combine, conspire, confederate and agree with persons, both known and unknown to violate United States narcotics laws; specifically to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of heroin in violation

of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C). All in violation of Title 21, United States Code, Section 846.

The Rule 11 plea hearing was recorded by a court reporter. *See* Rule 11(g). The United States was represented by Ronald Huber, Assistant United States Attorney. The defendant was at all times present in person and with her counsel, John E. Davidson. Inquiry was made to the defendant pursuant to Rule 11(b) and (c); the government proffered a written Statement of Facts for the purpose of establishing an independent basis for the agreed plea, and the defendant entered a plea of guilty to the felony offense charged in Count One of the Indictment.

## DEFENDANT'S RESPONSES TO RULE 11 INQUIRIES

After the defendant was placed under oath, she stated that she understood her obligation to testify truthfully in all respects under penalty of perjury, and she understood the government's right in a prosecution for perjury or false statement to use against her any statement that she gives under oath.

The defendant testified to the following personal facts: her full legal name is KIMBERLY DAWN HOWINGTON; she is twenty-four (24) years of age, and she has a high school education. She can read, write and understand English without difficulty. She stated she has no medical condition, either physical or mental, which might interfere with her ability to understand and participate in the proceeding; she is using no medication or drugs which might impair her ability to understand and participate in the proceeding, and her mind is clear. She stated that she understood she was in court for the purpose of entering a plea of guilty to a felony offense pursuant to the terms of a written plea agreement. Upon inquiry, the defendant's attorney represented that he had no reservations about the defendant's competency to enter a plea of guilty to the Count One offense pursuant to the terms of the plea agreement.

2

Case 3:14-cr-00026-GEC-JGW   Document 45   Filed 04/27/15   Page 2 of 11   Pageid#: 92

The defendant acknowledged that she had received a copy of the Information and it had been fully explained to her. She stated that she had discussed the charge with her attorney and had been given enough time to do so. She stated she understood the nature of the charge against her in the Information and specifically acknowledged it charged her with a felony offense. *See* Rule 11(b)(1)(G). She testified she had discussed any possible defenses with her attorney, and she had been given adequate time to prepare any defenses she might have to the charge. She stated that her decision to enter a plea of guilty to Count One pursuant to the terms of the plea agreement had been made after consulting with her attorney. She stated she was fully satisfied with the services of her attorney, and it was her intention and desire to enter a plea of guilty pursuant to the terms of the plea agreement.

The defendant confirmed that she fully recognized and understood her right to have the Rule 11 hearing conducted by a United States district judge, and she gave her verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

Counsel for the parties having previously informed the court that the defendant's proposed plea was to be made pursuant to a written plea agreement, counsel for the government next set forth the government's understanding of the plea agreement in some detail including: the agreement for the defendant to enter a plea of guilty to Count One of the Information charging her with participation in a criminal conspiracy to distribute and to possess with intent to distribute a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 846 & 841(B)(1)(C) [¶A.1.]; the defendant's express acknowledgment that the maximum statutory penalty for this offense is a term of twenty years, a fine of $1,000,000.00 and a period of supervised release of at least three years [¶A.1.]; her acknowledgment that she will be required to pay a special assessment of $100 per felony count of conviction, that she may be

3

required to pay restitution and that her assets may be subject to forfeiture [¶A.1. and ¶B.4.a.]; her express admission of her factual guilt to the offense charged in Count One [¶A.1.]; the defendant's acknowledgment of the trial rights waived by entry of a voluntary plea of guilty [¶A.2.]; the agreement's sentencing provision pertaining to the defendant's sentencing hearing opportunities and outlining the fact that sentencing is within the sole discretion of the court "subject to its consideration" of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) [¶B.1.]; the defendant's express recognition that there is a substantial likelihood she will be incarcerated, that she will not be eligible for parole, that she will not be allowed to withdraw her plea [¶B.1.]; **the parties' stipulation that for purposes of Guideline § 2D1.1 the drug weight is at least 80 grams but less than 100 grams of heroin, creating a base offense level of 22** [¶B.2.]; government's agreement to recommend a sentence within the guideline range [¶B.2.]; the terms of the acceptance of responsibility provision [¶B.2.]; to the extent not inconsistent with the terms of the plea agreement the reserved right of each party to argue at sentencing the guideline sections that should or should not apply [¶B.2.]; the terms of the substantial assistance provision [¶B.3.]; the terms of the defendant's financial disclosure and monetary-related obligations [¶B.4]; the scope of the defendant's express waiver of her right of direct appeal [¶C.1.]; the scope of the defendant's express waiver of his right to make any collateral attack on any judgment or sentence imposed by the court [¶C.2.]; the defendant's waiver without limitation of any right to access any records pertaining to the investigation or prosecution of this case [¶C.3.]; the defendant's abandonment of any seized property [¶C.5.]; the remedies available to the government in the event of a breach of the agreement by the defendant [¶D.]; the defendant's stipulation and agreement that she has fully discussed the terms of the plea agreement with her attorney and had been effectively represented in all matters related to

4

this case [¶E.3.]; the parties express acknowledgment that the written plea agreement constituted the entire understanding between the parties and that it did not apply to any crimes or charges not addressed in the agreement [¶E.5.]; and the substance of the agreement's other terms and provisions. *See* Rule 11(b)(1)(B)–(O) and 11(c)(1)–(3).

After which, the defendant was asked whether her understanding of the terms of the agreement was different in any way from that outlined by the attorney for the government, and she testified that her understanding was the same as that set forth by the government's attorney. Counsel for the defendant, likewise, represented that his understanding was the same; he further represented that each of its terms had been reviewed with the defendant, and he stated that he was satisfied that the defendant understood all of its terms.

The defendant was then shown the plea agreement, and she affirmed it to be her signature on the document. She further testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce her to enter a plea of guilty and that no one had attempted in any way to force her to plead guilty in this case. The agreement was then received, filed and made a part of the record, and it was noted for the record that the written plea agreement constitutes the best evidence of its terms, and as such it "speaks for itself."

After the range of punishment for the offense charged in Count One (conspiracy to distribute and possession with intent to distribute heroin) of the Information had been outlined to the defendant, she acknowledged that she understood the maximum statutory penalty proved by law for conviction of said offense is a fine of $1,000,000.00, a twenty (20) year term of imprisonment, and a term of supervised release of at least three (3) years. *See* Rule 11(b)(H)–(I). In addition, the defendant re-acknowledged that she understood that she would be required to pay a mandatory $100.00 special assessment. *See* Rule 11(b)(1)(L).

5

The defendant then acknowledged that she knew her plea, if accepted, would result in her being adjudged guilty of a felony offense and that such adjudication may deprive her of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess any kind of firearm.

The defendant was informed, and she expressly acknowledged, that the court's determination of her sentence would include consideration of multiple factors including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution. She also acknowledged that she understood the court may order her to make full restitution to any victim and could require her to forfeit certain property to the government pursuant to the terms of the plea agreement. *See* Rule 11(b)(1)(J)–(K).

The defendant testified that she and her attorney had talked about how the Sentencing Commission Guidelines might apply to her case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines and other factors under 18 U.S.C. § 3553(a). *See* Rule 11(b)(1)(M). She stated that she understood that the court will not be able to determine the recommended guideline sentence for her case until after the pre-sentence report had been completed and she and the government each had an opportunity to challenge the facts reported by the probation officer.

6

The defendant then acknowledged that she knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge; she acknowledged the fact that parole had been abolished and that she would not be released on parole. She further acknowledged that she knew and understood any sentence of incarceration imposed by the court would also include a mandatory period of "supervised release." *See* Rule 11(b)(1)(H).

Pursuant to the terms of the plea agreement [¶C.1.], the defendant expressly acknowledged that she understood that she was giving-up all waivable rights to appeal. Likewise, pursuant to the terms of the plea agreement [¶C.2.], she expressly acknowledged that she understood She was giving-up all waivable rights to challenge her conviction or her sentence in any post-conviction proceeding.

Each of her procedural rights surrendered on a plea of guilty was explained: including, her right to plead not guilty to any offense charged against her and her right to persist in any such not guilty plea; her attendant right to a trial by an impartial jury; her right to counsel to assist in her defense; her presumption of innocence, the obligation of the government to prove her guilt beyond a reasonable doubt; her right at trial to see, to hear, to confront, and to have cross-examined all witnesses presented against her; her right to decline to testify unless she voluntarily elected to do so in her own defense; her right to remain silent; her right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in her defense; and her right to a unanimous jury verdict. *See* Rule 11(b)(1)(B)-(E). The defendant testified that she understood her right to plead not guilty and the attendant trial rights that she would waive by pleading guilty. *See* Rule 11(b)(1)(F).

In direct response to further questioning, the defendant also testified that she was pleading guilty to the offense set forth in Count One of the Information because she in fact participated in the criminal activities outlined against her in the Information.

7

To permit the court to determine whether an independent basis in fact existed for the defendant's guilty pleas, counsel for the government submitted for filing as part of the record a written Statement of Facts which summarized the essential facts that the government was prepared to prove at trial to establish the charged offense. The defendant and her counsel each represented that the defendant had reviewed it, was fully aware of its contents, had signed it, and did not contest any of the facts set forth therein. With the signature of the defendant and with the acknowledgment of the defendant and her attorney that it fairly summarized the government's case, it was received, filed and made a part of the record. *See* Rule 11(b)(3).

After testifying that she had heard and understood all parts of the proceeding, had no questions and did not need to consult further with her counsel, the defendant stated that she remained ready to plead guilty pursuant to the terms of the plea agreement. By counsel, the defendant waived her right to a reading of the Information, and upon then being then called-upon for her plea, the defendant entered a plea of GUILTY to the offense charged in Count One alleging her with violation of Title 21 United States Code, Sections 846 & 841(b)(1)(C). The clerk then read the written guilty plea form to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

After entering her plea of guilty and after an independent basis for the plea was established, the defendant was again addressed personally. She reconfirmed that her decision to plead guilty was fully voluntary and that it did not result from any force, threats, promises of leniency or other inducement of any kind (other than that expressly set forth in the plea agreement). *See* Rule 11(b)(2). The defendant also reconfirmed her complete satisfaction with the services and assistance of her attorney.

The defendant was then informed that acceptance of the plea agreement and her guilty plea would be recommended to the presiding district judge, that a pre-sentence report would be

8

prepared, that she would be asked to give information for that report, that her attorney may be present if she wished, and that she and her attorney would have the right to read the pre-sentence report and to file objections to it.

On motion of the defendant and without objection by the government, the defendant was continued on her bond on the same terms and conditions pending preparation of a pre-sentence report and acceptance of her guilty plea. The defendant was ordered to appear on August 28, 2015 at 1:15 p.m. for sentencing

## GOVERNMENT'S EVIDENCE

The written Statement of Facts is incorporated herein and made a part hereof by reference.

## FINDINGS OF FACT

Based on the evidence, representations of counsel, and the defendant's sworn testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The parties have entered in to a plea agreement pursuant to **Rule 11,** and it is recommended that this plea agreement be accepted;

2. The defendant is fully competent and capable of entering an informed plea to the felony offense set forth in Count One of the Information;

3. The defendant is fully aware of the nature of the offense set forth in Count One, and she is also fully aware of the consequences of her guilty plea to said offense;

4. The defendant is fully informed, and she understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)–(O);

5. The defendant's plea of guilty was made pursuant to a fully voluntary written plea agreement;

6. The defendant's entry into the plea agreement and her tender of a plea of guilty pursuant to the terms of the plea agreement were both made with the advice and assistance of counsel;

9

7. The defendant knowingly and voluntarily entered her plea of guilty;

8. The defendant's plea of guilty did not result from force, threats, inducements or promises other those promises contained in the written plea agreement;

9. The plea agreement complies with the requirements of Rule 11(c)(1); and

10. The evidence presents an independent basis in fact containing each essential element of the felony offense to which the defendant has entered a plea of guilty.

## RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned **RECOMMENDS** that the court **ACCEPT** the defendant's plea of guilty to the offense charged of Count One of the Information, that she be **ADJUDGED GUILTY** of this felony offense, and that a sentencing hearing be held on August 28, 2015 beginning at 1:15 p.m. before the presiding district judge.

## NOTICE TO PARTIES

NOTICE is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions. **A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.**

The clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period the clerk is directed to transmit the record in this matter to the presiding United States district judge.

DATED: This 27th day of April 2015.

*s/James G. Welsh*
United States Magistrate Judge